# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JENNIFER J. CHEN,
　　　　　Appellant,

　　　　v.

UNITED STATES POSTAL SERVICE,
　　　　　Agency.

DOCKET NUMBER
SF-0353-13-0150-C-1

DATE: April 29, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

James L. Wright, Sacramento, California, for the appellant.

Deborah C. Winslow, Esquire, San Francisco, California, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1　　The appellant has filed a petition for review of the compliance initial decision, which denied her petition for enforcement of the Board's initial decision that ordered her restoration. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the compliance initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

On December 19, 2012, the appellant filed an appeal challenging the agency's alleged denial of her restoration rights following a compensable injury. *Chen v. U.S. Postal Service*, MSPB Docket No. SF-0353-13-0150-I-1, Initial Appeal File (IAF), Tab 1 at 3.  Prior to the Board's issuance of an initial decision, the appellant retired on February 14, 2013.  Compliance File (CF), Tab 10 at 7, 20.  The appeal was dismissed without prejudice and later redocketed.  IAF, Tab 20, Initial Decision at 1-2.  On April 10, 2014, the administrative judge issued an initial decision finding that the agency had violated the appellant's right to restoration as a partially recovered employee.  *Chen v. U.S. Postal Service*, MSPB Docket No. SF-0353-13-0150-I-2, Appeal File (I-2 AF), Tab 17, Initial Decision (ID) at 5‑7.  In the initial decision and subsequent Erratum Order, the administrative judge ordered the agency to restore the appellant to a position within her medical restrictions, for the period from October 20, 2011, through

April 3, 2012, with back pay, interest, and benefits.[2]  ID at 12; I-2 AF, Tab 20. The initial decision became final when neither party petitioned for review.  ID at 13; *see* 5 C.F.R. § 1201.113.

¶3        The appellant filed a petition for enforcement of the initial decision and Erratum Order.  CF, Tab 1 at 1.  In her petition, the appellant alleged that the agency failed to comply with the initial decision because it had not provided a written explanation of its compliance actions and had not given her any back pay. *Id.*  The agency responded to the petition for enforcement by submitting a declaration and documentation from an Accounting Service Center Supervisor, which explained the agency's compliance efforts.  CF, Tab 10.

¶4        In a compliance initial decision, the administrative judge found that the agency proved compliance with the Board's initial decision and denied the petition for enforcement.  CF, Tab 19, Compliance Initial Decision (CID) at 1, 3.[3] Specifically, he found that the agency's submissions regarding compliance were explicit, thorough, and well supported.  CID at 2.  He further noted that the Board does not have the authority to award the appellant additional compensation for tax liabilities resulting from a taxable distribution from her Thrift Savings Plan (TSP) account.  CID at 3.

¶5        The appellant has filed a petition for review.  Compliance Petition for Review (CPFR) File, Tab 1.  The agency has filed a response.  CPFR File, Tab 3. The Board has ordered the agency to file evidence regarding the amount of sick leave the appellant used during the back pay period, CPFR File, Tab 4, and the agency has replied to that order, CPFR File, Tab 6.

---

[2] The administrative judge found, and the parties do not dispute, that the appellant was unable to work in any capacity after April 3, 2012.  ID at 5 & n.1; IAF, Tab 1 at 4.

[3] The administrative judge made a typographical error in stating that the back pay period was from October 20, 2012, through April 3, 2013, instead of from October 20, 2011, through April 3, 2012.  CID at 1.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6      When the Board finds that an appellant has been the victim of an unjustified or unwarranted personnel action, it orders that the appellant be placed, as nearly as possible, in the situation she would have been in had the personnel action not occurred. *King v. Department of the Navy*, 100 M.S.P.R. 116, ¶ 12 (2005), *aff'd per curiam*, 167 F. App'x 191 (Fed. Cir. 2006). The agency bears the burden to prove compliance with the Board's order. *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 319, ¶ 5 (2011). An agency's assertions of compliance must include a clear explanation of its compliance actions supported by documentary evidence. *Id.* The appellant may rebut the agency's evidence of compliance by making specific, nonconclusory, and supported assertions of continued noncompliance. *Id.*

The agency has demonstrated compliance regarding the appellant's TSP account.

¶7      In her petition for review, the appellant makes several arguments regarding her TSP account. She first argues that the agency must show that it informed the TSP record keeper of her back pay award and that it requested the computation of interest so that the TSP could make the correct calculations and "compound [them] on a monthly basis." CPFR File, Tab 1 at 4, 7. She further contends that the agency must show that it complied with regulations concerning lost earnings pursuant to 5 C.F.R. parts 1605 and 1609.[4] *Id.* at 7. Although it is unclear, we interpret her arguments to be that she was not fully compensated for lost earnings on her makeup TSP contributions.

¶8      The regulations implementing the Back Pay Act require that an agency correct errors affecting an employee's TSP account consistent with the regulations prescribed by the Federal Retirement Thrift Investment Board (FRTIB). *Price v. U.S. Postal Service*, 118 M.S.P.R. 222, ¶ 16 (2012) (citing 5 C.F.R. § 550.805(h)). As explained in the FRTIB's regulations, makeup

---

[4] We do not address the appellant's argument regarding 5 C.F.R. part 1609, a part which does not exist, and we are unable to ascertain if another part was intended.

contributions are contributions that should have been deducted from an employee's basic pay or contributed by the agency on an earlier date, but were not deducted or contributed. 5 C.F.R. § 1605.1. Breakage is "the loss incurred or gain realized on makeup . . . contributions." *Id.* Calculating breakage is a function of the TSP, not a function of the employing agency. *See* 5 C.F.R. § 1605.2(a) (stating that "[t]he TSP will calculate breakage on late contributions [and] makeup agency contributions"). Thus, the agency cannot change the breakage calculated for the appellant's makeup contributions.[5]

¶9      Here, the agency has submitted evidence that it satisfied its obligation under 5 C.F.R. § 1605.13(c)(1) by forwarding its TSP adjustments to the TSP record keeper. The Accounting Supervisor's declaration states that the agency forwarded the TSP adjustments to Serco, which the Supervisor identifies as "the agency responsible for calculating breakage." CPFR File, Tab 3 at 10. Further, the agency submitted below a detailed history of the appellant's breakage in her TSP payments and an explanation of how the TSP calculates breakage. CF, Tab 13. On review, the appellant does not specify how the breakage calculations were erroneous. The appellant's remedy for errors in the breakage calculations is

---

[5] We find that the three Board cases cited by the appellant do not support her argument that the agency improperly implemented her TSP relief. CPFR File, Tab 1 at 4-5; *see Giove v. Office of Personnel Management*, 106 M.S.P.R. 53 (2007); *Shobert v. Department of the Air Force*, 90 M.S.P.R. 262 (2001); and *McKinley v. Department of the Interior*, 73 M.S.P.R. 569 (1997). The relevant issue in *Giove*, 106 M.S.P.R. 53, ¶ 8, was whether or not the Board had jurisdiction over the appellant's TSP claims, whereas here, the administrative judge already found that the Board has jurisdiction over the appellant's TSP claims and addressed the merits of them. CID. The appellant appears to cite *McKinley*, 73 M.S.P.R. at 571‑72, to argue that the agency is required to calculate and forward makeup contributions to the TSP. CPFR File, Tab 1 at 4. However, as discussed below, she has not presented any evidence to refute the agency's evidence that it did so. CF, Tab 10 at 10, Tabs 13, 18; CPFR File, Tab 3 at 10. Finally, we note that FRTIB regulations have changed since *Shobert*, 90 M.S.P.R. 262, ¶ 11, was issued, and an agency is no longer required to request a computation of interest and lost earning from FRTIB, as argued by the appellant. *Bills v. Department of the Air Force*, 122 M.S.P.R. 367, ¶ 9 n.2 (2015); *see* CPFR File, Tab 1 at 7. Instead, the current regulation governing an employing agency's correction of TSP errors after a back pay award is 5 C.F.R. § 1605.13, which we analyze below.

found in the procedures in 5 C.F.R. part 1605, subpart C. *See* 5 C.F.R. § 1605.22. These procedures do not provide authority for our review and, in light of our limited jurisdiction and our finding that the agency took all required actions, we cannot review TSP's breakage calculations. *See Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985) (finding that the Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation).

¶10     Next, the appellant argues that the agency should reimburse her the amount of her defaulted TSP loan. CPFR File, Tab 1 at 6. However, because she already received a distribution of her TSP loan, reimbursement would place her in a better position than she would have been in had the wrongful personnel action not occurred. *Id.* at 27. The applicable regulations do not require an agency to restore funds withdrawn by the appellant. *Rittgers v. Department of the Army*, 123 M.S.P.R. 31, ¶ 10 (2015); *see* 5 C.F.R. § 1605.13(d) (discussing when a participant may restore withdrawn funds pursuant to a back pay award).

¶11     The appellant, moreover, claims that the agency must compensate her for the taxes and penalties she incurred after she was unable to make loan payments during the back pay period, resulting in a taxable distribution of her TSP loan. CPFR File, Tab 1 at 6, 26-27. However, the Board has found that it lacks the authority to make an award of damages for taxes and other consequences of an agency action without the specific statutory authority to do so, which is lacking here. *Crazy Thunder‑Collier v. Department of the Interior*, 115 M.S.P.R. 82, ¶ 15 (2010); *see Harris v. Department of Agriculture*, 53 M.S.P.R. 78, 82 (1992) (finding that the Board lacks the authority to order any remedy for the tax consequences of a back pay award), *aff'd per curiam*, 988 F.2d 130 (Fed. Cir. 1993) (Table).

¶12     For these reasons, we find that the administrative judge correctly determined that the agency demonstrated compliance regarding the appellant's TSP account.

<u>The agency properly restored the appellant's annual leave balance.</u>

¶13      The appellant contends that she is entitled to a recredit of 111.66 hours of annual leave under section 512.91 of the agency's Employee and Labor Relations Manual (ELM). CPFR File, Tab 1 at 2-3. The declaration of the Accounting Supervisor states that, as a bargaining unit employee, the maximum amount of annual leave that the appellant could carry over from year to year was 440 hours under ELM section 512.321. CPFR File, Tab 3 at 8-9, 30-31. The declaration further explains and refers to the agency's evidence showing that the appellant was paid for a balance of 408 annual leave hours upon her retirement. *Id.* at 9, 33. The declaration asserts that, because the agency had already paid the appellant 408 hours of annual leave when she retired, it could restore only 32 hours of annual leave. *Id.* at 9. The agency's evidence shows that the appellant was paid for 32 hours of annual leave as part of her back pay award. *Id.* at 19, 21.

¶14      Although U.S. Postal Service employees who are eligible for veterans' preference are excepted from the maximum carryover amount limitation and may be credited uncapped annual leave, the appellant does not claim she is eligible for veterans' preference. IAF, Tab 1 at 2; U.S. Postal Service, *Employee and Labor Relations Manual* 36, § 436.1 (Sept. 2013), *available at* http://about. usps.com/manuals/elm/elmarch.htm; *see Davis v. U.S. Postal Service*, 64 M.S.P.R. 652, 660‑61 (1994) (reaffirming the holding that preference-eligible employees of the U.S. Postal Service were entitled to the restoration of an unlimited amount of annual leave under the Back Pay Act); *see, e.g.*, *Hawkins v. U.S. Postal Service*, 56 M.S.P.R. 633, 638‑40 (1993) (finding that a preference‑eligible employee of the U.S. Postal Service was entitled to the restoration of annual leave in excess of the maximum carryover limit). The appellant's reliance on ELM section 512.9, outlining the agency's policy on recrediting annual leave, is misplaced. CPFR File, Tab 1 at 3. This provision

does not affect the agency's maximum carryover amount limitation under section 512.321. *Id.* at 10; CPFR File, Tab 3 at 30-31. Thus, we find that the appellant has failed to rebut the agency's evidence of compliance showing that it restored the maximum amount of annual leave to which she was eligible.

The agency properly restored the appellant's sick leave balance.

¶15  The appellant asserts that she should have been paid for the 72 hours of sick leave that she used during the back pay period. CPFR File, Tab 1 at 2, 14, 19‑21. The Accounting Supervisor's declaration states that the agency credited the appellant's sick leave balance at retirement with 64 hours of restored sick leave and 40 hours of earned sick leave. CPFR File, Tab 3 at 9-10. The declaration further maintains that, when the appellant retired, her unused sick leave balance was forwarded to the Office of Personnel Management for retirement calculations. *Id.* at 10. In response to the Board's Show Cause Order, CPFR File, Tab 4, the agency has submitted further documentation that establishes the appellant used 64 hours of sick leave during the back pay period instead of 72 hours, as she contends, CPFR File, Tab 6 at 7-11, 13-15. The additional 8 hours claimed by the appellant was, in fact, holiday pay. *Id.* at 7, 13. The appellant has not responded to the agency's new evidence, which we find shows that the agency restored the proper amount of sick leave.

¶16  Accordingly, we conclude that the appellant has not provided a reason to disturb the administrative judge's compliance initial decision denying her petition for enforcement.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS[6]**

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* title 5 of the U.S. Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

---

[6] The administrative judge failed to inform the appellant of her mixed-case right to appeal from the compliance initial decision on her discrimination claims to the Equal Employment Opportunity Commission and/or the U.S. District Court.  This was error, but it does not constitute reversible error, because we notify the appellant of her mixed-case appeal rights in this Final Order.  *See Grimes v. U.S. Postal Service*, 39 M.S.P.R. 183, 186-87 (1988).

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate U.S. district court. *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.   *See*  42 U.S.C.  § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                    _____
                                              William D. Spencer
                                              Clerk of the Board

Washington, D.C.